I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATE: June 6, 2008

_____
DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT

JUN - 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOE A. HOUGHTON,<br><br>            Petitioner,<br><br>      v.<br><br>M.S. EVANS, Warden<br><br>            Respondent. | Case No. CV 08-03264 RSWL (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Joe A. Houghton ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises three claims directed at Petitioner's 2004 conviction and related prison sentence of fifteen years to life that he sustained following a jury trial in the Los Angeles County Superior Court (No. VA078683). (Pet. 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

**A.    Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.    Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records[1]

---

[1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take

(continued...)

1    show Petitioner sustained his underlying conviction and sentence on September 13,

2    2004. (Pet. 2; Official records of California courts.) On direct review, Petitioner filed

3    a timely appeal with the California Court of Appeal that affirmed the judgment and

4    sentence on December 28, 2005. (Pet. 2-3.) *People v. Houghton*, No. B179426, 2005

5    WL 3537657, *1 (Cal. App. Ct. Dec. 28, 2005) ("*Houghton*"). On January 30, 2006,

6    Petitioner filed a petition for review in the California Supreme Court (No. S140808)

7    that was denied without comment on March 15, 2006. (Pet. 3, Ex. D.) Petitioner did

8    not seek collateral review in the state courts. (Pet. 3-4; Official records of California

9    courts.)   Therefore, for purposes of AEDPA's limitation period, his judgment of

10    conviction became final on June 13, 2006, the ninetieth day after his petition for

11    review was denied by the California Supreme Court and the date his time for seeking

12    review with the United States Supreme Court expired. *Barefoot v. Estelle*, 463 U.S.

13    880, 887, 103 S. Ct. 3383 (1983); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir.

14    1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period

15    within which a petitioner can file a petition for writ of certiorari from the United States

16    Supreme Court). The limitation period then started to run the next day, June 14, 2006,

17    and ended a year later on June 13, 2007.   28 U.S.C. § 2244(d)(1)(A); *see also*

18    *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period

19    begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

20          Petitioner missed the deadline because he did not constructively[2] file the

21

22       [1]   (...continued)

23   judicial notice of relevant state court records in federal habeas proceedings).

24       [2]      Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is

25   deemed to be filed on the date the prisoner delivers the petition to prison authorities

     for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

26   (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also

27   applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201

     (9th Cir. 2003).   The pending Petition was filed by the Clerk on May 30, 2008,

28                                                   (continued...)

1   pending Petition until May 6, 2008 -- 328 days after the statute expired.  Therefore,

2   the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable

3   tolling, or an alternate start date to AEDPA's statute of limitations period under 28

4   U.S.C. § 2244(d)(1).

5   **C.   Statutory Tolling**

6           AEDPA's one-year limitation period may be tolled for "[t]he time during which

7   a properly filed application for State post-conviction or other collateral review with

8   respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

9   Petitioner did not seek collateral review in the state courts so he is not eligible to

10  receive statutory tolling.  Therefore, this Court concludes this Petition, constructively

11  filed on May 6, 2008, is untimely by 328 days.[3/]

12  **D.   Alternative Start of the Statute of Limitations**

13          **1.   State-Created Impediment**

14          In rare instances,  AEDPA provides that its one-year limitation period shall run

15  from "the date on which the impediment to filing an application created by State action

16  in violation of the Constitution or laws of the United States is removed, if the

17  applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

18  Asserting that the statute of limitations was delayed by a state-created impediment

19  requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th

20  Cir. 2002).  The face of the Petition and attached exhibits do not set forth any facts

21  showing that Petitioner is entitled to relief under this provision.

22

23  _____

24          [2/]   (...continued)

25  however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit
    of the doubt by assuming he constructively filed the Petition on May 6, 2008, the date

26  he signed it.  (Pet. 10.)

27          [3/]   Specifically, the 328 days represents the untolled time beyond the limitation

28  deadline (June 13, 2007), and the Petition's constructive filing date (May 6, 2008).

### 2.    Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court.  28 U.S.C. § 2244(d)(1)(C).  The face of the Petition and attached exhibits do not set forth any facts that show Petitioner is entitled to relief under this provision.

### 3.    Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E.    Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).  The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///
///
///

1

**O R D E R**

2      Based upon the foregoing, the Court finds the Petition, attached exhibits, and

3 relevant state court records indicate it is untimely.  Accordingly, Petitioner shall have

4 until **June 26, 2008**, to file a written response and show cause why his Petition should

5 not be dismissed with prejudice because it is time-barred.  In responding to this Order,

6 Petitioner must show by declaration and any exhibits what, if any, factual or legal

7 basis he has for claiming that the Court's foregoing analysis is factually or legally

8 incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start

9 date extended.  If Petitioner contends he is entitled to tolling because of a lack of

10 access to the prison law library due to a purported lockdown or some other state-

11 created impediment, his written response must be supported by a declaration from the

12 warden or prison librarian verifying that the law library and library materials were

13 unavailable throughout the relevant time period because of the lockdown or other

14 stated reason.  Further, Petitioner must demonstrate that, during the time that access

15 to the prison law library was allegedly unavailable, he made requests for legal

16 materials to be brought to his cell and those requests were denied.

17      **Petitioner is warned that if a timely response to this Order is not made,**

18 **Petitioner will waive his right to do so and the Court will, without further notice,**

19 **issue an order dismissing the Petition, with prejudice, as time-barred.  Further,**

20 **if Petitioner determines the Court's above analysis is correct and the Petition is**

21 **clearly time-barred, he should file a Request For Voluntary Dismissal of this**

22 **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

23

24      IT IS SO ORDERED.

25

26 DATED: June 6 , 2008

27                                                    ARTHUR NAKAZATO
                                            UNITED STATES MAGISTRATE JUDGE

28